## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**CAMILLE DEMPSEY, an individual,**

    Plaintiff,

    **v.**

**SHC Services, INC., D/B/A SUPPLEMENTAL HEALTH CARE and**

**HAVEN BEHAVIORAL SERVICES OF ALBUQUERQUE, LLC**

    Defendants.

**CIVIL ACTION**

**Case No.: 2:21-cv-00142**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CAMILLE DEMPSEY ("DEMPSEY"),** by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.    This is an action brought under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12101 et. seq. and 28 U.S.C. §1343 (4), Title VII of the Civil Rights Act of 1964 (Title VII), and the Florida Civil Rights Act (FCRA), all as amended, for (1) unlawful disability/perceived disability discrimination in violation

of the ADA, (2) unlawful disability/perceived disability discrimination in violation of the FCRA, (3) sex discrimination in violation of Title VII, (4) sex discrimination in violation of the FCRA, (5) unlawful retaliation in violation of the ADA, (6) unlawful retaliation for opposing disability/perceived discrimination in violation of the FCRA, (7) unlawful retaliation in violation of Title VII, and (8) unlawful retaliation for opposing sex discrimination in violation of the FCRA.

## PARTIES

2.    The Plaintiff, **CAMILLE DEMPSEY ("DEMPSEY")** is an individual and a resident of Florida who currently resides in Charlotte County and was jointly/co-employed as a Registered Nurse with a compact nursing license (traveling nurse) and a specialty in Behavioral Health and Psychology, placed by Defendant **SHC SERVICES, INC.** (**SHC**) with co-Defendant **HAVEN BEHAVIORAL HEALTHCARE, INC.** (**HAVEN**) at Haven Behavioral Hospital in Albuquerque, New Mexico from June 6 through 14, 2018.

2

3.      Defendant, **SHC SERVICES, INC. d/b/a SUPPLEMENTAL HEALTHCARE** ("SHC") is a Delaware corporation with a principal place of business located at 1640 W. Redstone Center Drive, Suite 200, Park City, Utah 84098. SHC co-employed/jointly employed **DEMPSEY.**

4.      Co-Defendant **HAVEN BEHAVIORAL HEALTHCARE, INC.** (**HAVEN**) is a Limited Liability Corporation registered in Delaware with its principal place of business at 5400 Gibson Blvd. SE, Albuquerque, NM 87108.

5.      At all material times, the Defendants employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

7.      This Court has supplemental jurisdiction over **DEMPSEY's** state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides there, the

3

Plaintiff's employment was based from her home there, the Plaintiff struck contracts with the Defendants from Charlotte County, the Miami District EEOC Office assumed jurisdiction of her discrimination charges against both Defendants, and that some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Charlotte County is within the Fort Myers Division.

9.      **DEMPSEY** timely filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") (Charge #510-2020-04910) against **HAVEN**, and (Charge # 510-2020-02222) against **SHC,** both dual filed with the Florida Commission on Human Relations (FCHR). Both Charges of Discrimination have been pending with the EEOC for about one-year since January 25, 2020. The EEOC clams to have issued **DEMPSEY** a Notice of Right to Sue, date stamped November 24, 2021 as reflected on the EEOC's internal portal platform, copies attached as composite **Exhibit A**, but the EEOC has failed to send a copy of the Notice of

Right to Sue directly to **DEMPSEY** or her legal counsel, despite their legal requirement to do so. Consequently, **DEMPSEY** avers that she has exhausted her administrative remedies and the EEOC's failure to act compelled her to preserve her rights prematurely.

## GENERAL ALLEGATIONS

10.   **DEMPSEY** was jointly/co-employed as a Registered Nurse with a compact nursing license (traveling nurse) and a specialty in Behavioral Health and Psychology, placed by Defendant **SHC SERVICES, INC.** (**SHC**), with whom **DEMPSEY** had a long-standing relationship, with co-Defendant **HAVEN BEHAVIORAL HEALTHCARE, INC.** (**HAVEN**) at Haven Behavioral Hospital in Albuquerque, New Mexico from June 6 through 14, 2018 where the contracts were struck in Charlotte County.

11.   **DEMPSEY** is an "otherwise qualified" individual with an eye impairment and a shoulder/arm impairment and is able to perform the essential functions of her job.

12.    **DEMPSEY** always performed her assigned duties in a capable and astute manner and was very professionally qualified for her position.

13.    **SHC** placed **DEMPSEY** at **HAVEN** on June 3, 2019.

14.    **HAVEN** provided **DEMPSEY** with no orientation or check when she commenced work although she was a new nurse.

15.    On or about **DEMPSEY**'s third day of work for **HAVEN, SHC and HAVEN** asked her to accept an even longer employment term.

16.    **HAVEN** male Pharmacist and Supervisor Joel Villareal regarded **DEMPSEY** in a hostile fashion, without cause or provocation, and reacted negatively to her from his initial meeting with **DEMPSEY**, and after noting her sex, female.

17.    Mr. Villareal monitored **DEMPSEY's** work movements in a calculating fashion that made her uncomfortable. He scrutinized her appearance, including her inflamed red eye (from travel) and dress in a manner that let her know he was appraising her. When Villareal spoke to **DEMPSEY** at all he posed questions that invaded her privacy,

questioned her ability to perform the job and put her on notice that he was "watching" her.

18.   In a threatening and condescending tone, Villareal asked **DEMPSEY** why she routinely wore a jacket when it was warm out. **DEMPSEY** wore the jacket not to divert drugs because of an addiction disability, but due to her arm/shoulder disability-which did not impede her ability to work-both of which Villareal implied. **DEMPSEY** let Villareal know there was no known reason she could not perform her job.

19.   **DEMPSEY** was embarrassed and offended by Villareal's behavior.

20.   On June 14, 2019, one-week after **DEMPSEY's** employment had commenced at **HAVEN, HAVEN** male Pharmacist and Supervisor Joel Villareal filled the Pyxis drug dispensing machine with pharmaceuticals *without counting them* while **DEMPSEY** and fellow nurse Nicole Schmidt, R. N. stood by.

21.   The facts are and the evidence will show that failing to count medications in the presence of a witness is a serious violation of

the Healthcare Practice Act and would go against the Pharmacist's license.

22.     The same male **HAVEN** Pharmacist, Villareal, then investigated **DEMPSEY** for supposed drug diversion, involving Ms. Hunt, Nursing Supervisor, accused **DEMPSEY** of the same, and had **HAVEN** fire **DEMPSEY.**

23.     **HAVEN** questioned **DEMPSEY** repeatedly throughout the day on June 14, 2019, claiming they had video footage supporting her wrongdoing, yet they declined to permit **DEMPSEY** to review this alleged video surveillance.

24.     **HAVEN's** told **DEMPSEY** in the presence of Supervisors Ms. Hunt and Mr. Villareal that 18 methadone tablets were allegedly unaccounted for, and because **DEMPSEY** was a travel nurse, she would not be completing her contract. **HAVEN** required **DEMPSEY** to return her facility badge and keys.

25.     **DEMPSEY** opposed **HAVEN's** practices as discriminatory on June 14, 2019, to no avail.

26.   **HAVEN** declined to investigate **DEMPSEY's** concerns, take any remedial action nor afford her due process, indicating that she had no entitlement to such protections-and implicitly threatened to have her nursing license revoked for diversion of methadone.

27.   **HAVEN** also declined to drug test **DEMPSEY** or to search her bag or person before she left the premises the day she was fired.

28.    **HAVEN** then directed **DEMPSEY** to complete several nursing charts after they had fired her.

29.   **SHC** and **HAVEN** are joint/co-employers. The totality of the circumstances of **DEMPSEY'S** employment with **HAVEN** and **SCH** demonstrate that though **HAVEN** and **SCH** are unrelated or are not sufficiently related to qualify as an integrated enterprise, they each exercise sufficient, direct, or indirect control of **DEMPSEY** to qualify as her employer.

30.   **DEMPSEY's SHC** Supervisor was Sally Porter. **DEMPSEY** immediately reported **HAVEN's** discriminatory conduct to Ms. Porter of **SHC** on June 14, 2019 and insisted **SHC** drug test her.

31.   **DEMPSEY** was administered a drug test and passed.

32.   Ms. Porter of **SHC** pledged to support **DEMPSEY** but spoke to her about reporting herself to the Florida Board of Nursing, known for their extreme disciplinary measures concerning nurses with addiction issues, even though **DEMPSEY** committed no infraction.

33.   **SHC** would not and did not place **DEMPSEY** in any other open post even though nothing had been reported to any Board of Nursing at the time, and **DEMPSEY** was not under investigation.

34.   Porter also promised **DEMPSEY SHC's** legal assistance, contending it was a facet of **DEMPSEY's** employment, but no legal assistance was ever provided. It is undisputed that **DEMPSEY** contacted **SHC** 39 times for assistance after she was fired, to no avail.

35.   **SHC** and **HAVEN** ultimately reported **DEMPSEY** to the New Mexico Board of Nursing.

36.   The New Mexico Board of Nursing's investigation revealed a witness who attested that Mr. Villareal and/or **HAVEN** encountered drug diversion problems in the past-and long before **DEMPSEY** ever worked for **HAVEN**.

37.     On November 22, 2019 **DEMPSEY** received a writing from the New Mexico Board of Nursing dated September 26, 2019 indicating two complaints against her were presented to the New Mexico Board of Nursing board meeting Thursday September 12, 2019 during the disciplinary session. The board voted to close the complaints against **DEMPSEY's** license, exonerating her. The letter was signed by Sasha S. Poole, PhD, RN, Executive Director.

38.     The Defendants' **SHC's** and **HAVEN's** stated reason for terminating **DEMPSEY** was because of suspected drug diversion-a pretext for disability/perceived disability discrimination-they incorrectly perceived she has a drug dependency disability-and because of her sex and retaliation.

39.     Neither **SHC** nor **HAVEN t**ook remedial action against the male Mr. Villareal.

40.     The Defendants' **SHC's** and **Haven's** tangible, adverse employment actions were causally connected to **DEMPSEY's** disability(ies)/perceived disability(ies)- drug dependency, eye impairment, arm/shoulder impairment.

41.     After **DEMPSEY** was separated from employment with both **SHC** and **HAVEN**, her employment position with the Defendants remained open and/or was filled by similarly qualified employees outside of the protected class.

42.     The Defendants **SHC** and **HAVEN** intentionally and systematically discriminated against **DEMPSEY** by using her perceived disability as the "but for" factor and her sex and retaliation as motivating and substantial factors in the Defendants' decision not to continue **DEMPSEY's** employment and terminating her.

43.     The Defendants **SHC** and **HAVEN** intentionally and systematically discriminated against **DEMPSEY** by using standards, criteria and methods of administration that have the effect of discriminating based on her sex.

44.     The Defendant's decision to terminate **DEMPSEY's** employment violated **DEMPSEY's** rights under the ADA, Title VII and the FCRA, all as amended.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

45.     Plaintiff incorporates by reference Paragraphs 1-15; 17-19; and 22-44 of this Complaint as though fully set forth below.

46.     At all material times, **DEMPSEY** was an employee, and the Defendants were her employer covered by and within the meaning of the ADA.

47.     **DEMPSEY** is an "otherwise qualified" person with more than one disability and is able to perform the essential functions of her job.

48.     Both **SHC** and **HAVEN** perceived **DEMPSEY** to be disabled, including but not limited to the incorrect perception she has an addiction disability.

49.     The Defendants **SHC** and **HAVEN** intentionally discriminated against **DEMPSEY** because she was disabled and because they regarded her as disabled with regard to the terms and conditions of her employment by placing her under scrutiny, subjecting her to hostility and other adverse employment effects, culminating in falsely accusing her of drug diversion but not leveling

such accusations against the male Pharmacist with no known disabilities also involved, Mr. Villareal, and by terminating her employment, not placing her elsewhere and reporting her to the New Mexico Board of Nursing .

50.     The Defendants' **SHC's** and **HAVEN's** employment and disciplinary policies were applied differently to **DEMPSEY** because of her disabilities/perceived disabilities, which were the "but for" factor.

51.     The Defendants intentionally discriminated against **DEMPSEY** by discharging her because of her disabilities/perceived disabilities, and "but for" such disabilities/perceived disabilities **DEMPSEY** would not have been subjected to adverse employment effects and discharged.

52.     The Defendants acted with malice or reckless indifference to the civil rights of **DEMPSEY**.

53.     The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE,** Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing Defendants to cease and desist from all disability discrimination of all employees;

ii.  Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with Defendants **SHC** and **HAVEN**, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits; 1v. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant **SHC's** and **HAVEN's** actions;

iv.  Declaratory relief declaring the acts and practices of Defendants **SHC** and **HAVEN** to be in violation of the statute cited above;

v.   Reasonable attorney's fees plus costs;

vi.  Compensatory damages;

vii.    Punitive damages, and;

viii.    Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FCRA (DISABILITY DISCRIMINATION)

54.    Plaintiff incorporates by reference Paragraphs 1-15; 17-19; and 22-44 of this Complaint as though fully set forth below.

55.    The FCRA prohibits discrimination based on disability/perceived disability and discrimination based on disability/perceived disability is an "unlawful employment practice" under the FCRA.

56.    At all material times, **DEMPSEY** was an employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of the FCRA.

57.    **DEMPSEY** is an "otherwise qualified" individual with disabilities/perceived disabilities and is/was able to perform the essential functions of her job.

58.    The Defendants intentionally discriminated against **DEMPSEY** because she was disabled/was perceived to be disabled with regard to the terms and conditions of her employment by placing

her under scrutiny, subjecting her to hostility and other adverse employment effects, culminating in falsely accusing her of drug diversion but not leveling such accusations against the Pharmacist with no known disabilities also involved, Mr. Villareal, and by terminating her employment, not placing her elsewhere and reporting her to the New Mexico Board of Nursing.

59.    The Defendant's employment and disciplinary policies were applied differently to **DEMPSEY** because of her disabilities/perceived disabilities.

60.    The Defendants intentionally discriminated against **DEMPSEY** by discharging her because of her disabilities/perceived disabilities.

61.    The Defendants acted with malice or reckless indifference to the civil rights of **DEMPSEY**.

62.    The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.     Injunctive relief directing Defendants to cease and desist from all disability discrimination of all employees;

ii.    Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits; 1v.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant SHC's and HAVEN's actions;

iv.    Declaratory relief declaring the acts and practices of Defendants SHC and HAVEN to be in violation of the statute cited above;

v.     Reasonable attorney's fees plus costs;

vi.    Compensatory damages,

vii.   Punitive damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## <u>COUNT III - VIOLATION OF TITLE VII (SEX)</u>

63.     Plaintiff **DEMPSEY** incorporates by reference Paragraphs 1-10; 12-17; 19-30; 32-39 and 41-44 of this Complaint as though fully set forth below.

64.     At all material times, **DEMPSEY** was an employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of Title VII.

65.     **DEMPSEY** occupies a protected class under Title VII in that she is female.

66.     The Defendants **SHC** and **HAVEN** intentionally discriminated against **DEMPSEY** because she is female with regard to the terms and conditions of her employment by placing her under scrutiny, subjecting her to hostility and other adverse employment effects, culminating in falsely accusing her of drug diversion but not leveling such accusations against the male Pharmacist also involved, Mr. Villareal, and by terminating her employment, not placing her elsewhere and by reporting her, but not male Pharmacist Mr. Villareal to the New Mexico Board of Nursing

67.   The Defendants' employment and disciplinary policies were applied differently to **DEMPSEY** because of her sex.

68.   The Defendant intentionally discriminated against **DEMPSEY** by discharging her because of her sex.

69.   The Defendants acted with malice or reckless indifference to the civil rights of **DEMPSEY**.

70.   The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.   Injunctive relief directing Defendants **SHC** and **HAVEN** to cease and desist from all sex discrimination of all employees;

ii.   Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with Defendants **SHC** and **HAVEN**, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits; Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant **SHC's** and **HAVEN's** actions;

iv.    Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

v.    Reasonable attorney's fees plus costs;

vi.    Compensatory damages,

vii.    Punitive damages, and;

viii.    Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FCRA (SEX DISCRIMINATION)

71.    Plaintiff **DEMPSEY** incorporates by reference Paragraphs 1-10; 12-17; 19-30; 32-39; and 41-44 of this Complaint as though fully set forth below.

72.    The FCRA prohibits discrimination on the basis of sex and discrimination based on sex is an "unlawful employment practice" under the FCRA.

73.     At all material times, **DEMPSEY** was an employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of the FCRA.

74.     **DEMPSEY** occupies a protected class in that she is female.

75.     The Defendants intentionally discriminated against **DEMPSEY** because she is female with regard to the terms and conditions of her employment by placing her under scrutiny, subjecting her to hostility and other adverse employment effects, culminating in falsely accusing her of drug diversion but not leveling such accusations against the male Pharmacist also involved, Mr. Villareal, and by terminating her employment, not placing her elsewhere and by reporting her, but not male Pharmacist Mr. Villareal to the New Mexico Board of Nursing.

76.     The Defendants' employment and disciplinary policies were applied differently to **DEMPSEY** because of her sex, female.

77.     The Defendant intentionally discriminated against **DEMPSEY** by discharging her because she is female and by not discharging a similarly situated male who was actually at fault.

78.     The Defendants acted with malice or reckless indifference to the civil rights of **DEMPSEY**.

79.     The Plaintiff has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.      Injunctive relief directing Defendants to cease and desist from all sex discrimination of all employees;

ii.     Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with Defendants **SHC** and **HAVEN**, plus interest, including but not limited to lost salary and bonuses.

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant **SHC's** and **HAVEN's** actions;

v.    Declaratory relief declaring the acts and practices of Defendants **SHC** and **HAVEN** to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages,

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## <u>COUNT V - VIOLATION OF ADA (RETALIATION)</u>

80.    Plaintiff incorporates by reference Paragraphs 1-15; 17-19; and 22-44 of this Complaint as though fully set forth below.

81.    At all material times, **DEMPSEY** was an "otherwise qualified" person with disabilities/perceived disabilities and, as such, was a member of a protected class.

82.    At all material times, **DEMPSEY** was an employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of the ADA.

83.    **DEMPSEY** was qualified for the positions that she held with the Defendants **SHC** and **HAVEN**.

84. Following **DEMPSEY's** opposition to disability/perceived disability-based discrimination to which she was subjected by both **SHC** and **HAVEN**, the Defendants retaliated by increasing the severity of the adverse workplace effects to which they subjected her, by terminating **DEMPSEY's** employment, by filing a false report concerning her to the New Mexico Board of Nursing and by failing to provide her with legal or other assistance and by failing to place her in any other open employment.

85. **DEMPSEY** was subjected to greater scrutiny than those similarly situated who have no known disabilities and was targeted for termination after opposing the same.

86. **DEMPSEY's** requests constitute a protected activity because her complaints were concerning an enforcement of her rights under the ADA.

87. Said protected activity was the proximate cause of the Defendants' **SHC's** and **HAVEN's** negative employment actions against **DEMPSEY** including discipline and ultimately termination.

88.     Instead of granting modest reasonable accommodations to her eye and shoulder/arm impairment, the Defendants **SHC** and **HAVEN** harassed **DEMPSEY** and retaliated against **DEMPSEY** via discipline, and termination.

89.     The acts, failures to act, practices and policies of the Defendants **SHC** and **HAVEN** set forth above constitute retaliation in violation of the ADA.

90.     "But for" violations of the ADA, as referenced and cited herein, **DEMPSEY** has lost all the benefits and privileges of her employment with **SHC** and **HAVEN** and has been substantially and significantly injured in her career path.

91.     "But for" violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DEMPSEY** is entitled to all relief necessary to make her whole as provided for under the ADA.

92.     As a direct and proximate result of the Defendants' **SHC's** and **HAVEN**'s actions, **DEMPSEY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and

future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

93.   **DEMPSEY** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.   Injunctive relief directing Defendants to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.   Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendants' actions;

v.   Declaratory relief declaring the acts and practices of the Defendants to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Punitive damages; and;

ix.   Such other relief as this Court shall deem appropriate.

### COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 (RETALIATION/DISABILITY/PERCEIVED DISABILITY)

94.   Plaintiff incorporates by reference Paragraphs 1-15; 17-19; and 22-44 of this Complaint as though fully set forth below.

95.   At all material times, **DEMPSEY** was an otherwise qualified person with a disability/perceived disability and, as such, was a member of a protected class and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of the FCRA.

96.    At all material times, **DEMPSEY** was an employee, and the Defendants were her employers covered by and within the meaning of FCRA.

97.    **DEMPSEY** was qualified for the positions that she held with the Defendants.

98.    Following        **DEMPSEY's**        opposition        to disability/perceived disability-based discrimination to which she was subjected by both **SHC** and **HAVEN**, the Defendants retaliated by increasing the severity of the adverse workplace effects to which they subjected her, by terminating **DEMPSEY's** employment, by filing a false report concerning her to the New Mexico Board of Nursing and by failing to provide her with legal or other assistance and by failing to place her in any other open employment.

99.    **DEMPSEY** was subjected to greater scrutiny than those similarly situated who have no known disabilities and was targeted for termination after opposing the same.

100.  **DEMPSEY**'s requests constitute a protected activity because her complaints were concerning an enforcement of her rights under the FCRA.

101.  Said protected activity was the proximate cause of the Defendants' negative employment actions against **DEMPSEY** including discipline and ultimately termination.

102.  Instead of granting reasonable accommodations, the Defendants retaliated against **DEMPSEY** via discipline, and termination.

103.  The acts, failures to act, practices and policies of the Defendants set forth above constitute retaliation in violation of the FCRA.

104.  As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **DEMPSEY** has lost all the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

105.  As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate

result of the prohibited acts perpetrated against her, **DEMPSEY** is entitled to all relief necessary to make her whole as provided for under the FCRA.

106.  As a direct and proximate result of the Defendants' actions, **DEMPSEY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

107.  **DEMPSEY** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.   Injunctive relief directing the Defendants to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.  Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would

have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

v.   Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Leave to seek punitive damages; and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT VII - VIOLATION OF TITLE VII (RETALIATION/SEX)

108.   The Plaintiff hereby incorporates by reference Paragraphs 1-10; 12-17; 19-30; 32-39; and 41-44 in this Count by reference as though fully set forth below.

109. At all material times, **DEMPSEY** was a member of a protected class in that she is female.

110. At all material times, **DEMPSEY** was an employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of Title VII.

111. **DEMPSEY** was qualified for the positions that she held with the Defendants **SHC** and **HAVEN**.

112. Following **DEMPSEY's** opposition to sex-based discrimination to which she was subjected by both **SHC** and **HAVEN**, the Defendants retaliated by failing to take any remedial action, increasing the severity of the adverse workplace effects to which they subjected her, by terminating **DEMPSEY's** employment, by filing a false report concerning her to the New Mexico Board of Nursing and by failing to provide her with legal or other assistance and by failing to place her in any other open employment.

113.   **DEMPSEY** was subjected to greater scrutiny than those similarly situated who are male and was targeted for termination after opposing the same.

114.   **DEMPSEY's** requests constitute a protected activity because her complaints were concerning an enforcement of her rights under Title VII.

115.   Said protected activity was a motivating factor and made a difference in the Defendants' **SHC's** and **HAVEN's** negative employment actions against **DEMPSEY** including discipline and ultimately termination.

116.   The acts, failures to act, practices and policies of the Defendants **SHC** and **HAVEN** set forth above constitute retaliation in violation of Title VII.

117.   **DEMPSEY's** sex was a motivating factor and made a difference for **DEMPSEY** having lost all the benefits and privileges of her employment with **SHC** and **HAVEN** and she has been substantially and significantly injured in her career path.

118.   Violations of Title VII, as referenced and cited herein, were a motivating factor and made a difference in and have temporal proximity to the prohibited acts perpetrated against her,

119.   **DEMPSEY** is entitled to all relief necessary to make her whole as provided for under Title VII.

120.   As a direct and proximate result of the Defendants' **SHC's** and **HAVEN**'s actions, **DEMPSEY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

121.   **DEMPSEY** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.   Injunctive relief directing Defendants to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.    Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendants' actions;

v.    Declaratory relief declaring the acts and practices of the Defendants to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.  Compensatory damages;

viii. Punitive damages; and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT VIII - VIOLATION OF FCRA (RETALIATION/SEX)

122.   Plaintiff incorporates by reference Paragraphs 1- 10; 12-17; 19-30; 32-29; and 41-44 of this Complaint as though fully set forth below.

123.   **DEMPSEY** is female, and, as such, is a member of a protected class.

124.   At all material times, **DEMPSEY** was an **SHC** and **HAVEN** employee and the Defendants **SHC** and **HAVEN** were her employers covered by and within the meaning of FCRA.

125.   **DEMPSEY** was qualified for the positions that she held with the Defendants **SHC** and **HAVEN**

126.   Following **DEMPSEY's** repeated opposition to sex-based discrimination to which she was subjected by both **SHC** and **HAVEN**, the Defendants retaliated against **DEMPSEY** by failing to take any remedial action, increasing the severity of the adverse workplace effects to which they subjected her, by terminating **DEMPSEY's** employment, by filing a false report concerning her to the new Mexico Board of Nursing and by failing to provide her

with legal or other assistance and by failing to place her in any other open employment.

127.   **DEMPSEY** was subjected to greater scrutiny than males similarly situated and was targeted for termination after opposing the same.

128.   **DEMPSEY**'s requests constitute a protected activity because her complaints were concerning an enforcement of her rights under the FCRA.

129.   **DEMPSEY**'s protected activity was a motivating factor and made a difference in Defendants **SHC's** and **HAVEN's** negative employment actions against **DEMPSEY** including discipline and ultimately termination.

130.   Instead of taking remedial action, the Defendants **SHC** and **HAVEN** retaliated against **DEMPSEY** via discipline, and termination.

131.   The acts, failures to act, practices and policies of the Defendants **SHC** and **HAVEN** set forth above constitute retaliation in violation of the FCRA.

132.   As a motivating factor that made a difference in the result of the violations of the FCRA, as referenced and cited herein, **DEMPSEY** has lost all the benefits and privileges of her employment with both **SHC** and **HAVEN** and has been substantially and significantly injured in her career path.

133.   As a motivating factor that made a difference in the result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DEMPSEY** is entitled to all relief necessary to make her whole as provided for under the FCRA.

134.   As a direct and proximate result of the Defendants' actions, **DEMPSEY** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

135.  **DEMPSEY** has exhausted her administrative remedies and this Count is timely brought.

**WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:**

i.  Injunctive relief directing the Defendants to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.  Back pay and all other benefits, perquisites, and other compensation for employment which plaintiff would have received had she maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

v.  Declaratory relief declaring the acts and practices of the Defendant to be m violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii.  Compensatory damages;

viii.    Leave to seek punitive damages; and;

ix.    Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **CAMILLE DEMPSEY,** by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Dated: February 22, 2021                    Respectfully submitted,

                                            /s/ Geralyn F. Noonan, Esquire

                                            Geralyn F. Noonan, Esquire
                                            P.O. Box 07338
                                            Fort Myers, Florida 33919-0338
                                            Phone:239-694-7070
                                            Fax:239-481-0993
                                            Florida Bar No.:0968020
                                            *Attorney for Plaintiff*